**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DONALD EUGENE GATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 1:11-cv-00040 (RWR) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ANSWER TO COMPLAINT**

Defendants, the District of Columbia, Retired Metropolitan Police Detective Ronald S. Taylor, Retired Metropolitan Police Detective Norman Brooks and Retired Metropolitan Police Lieutenant John Harlow ("Defendants"), through undersigned counsel, answer the plaintiff's complaint as follows:

First Defense

The complaint fails to state a claim upon which relief may be granted.

Second Defense

**Introduction[1]**

1.      The defendants admit that the plaintiff was convicted of the rape and murder of Catherine Schilling, and spent over 27 years in prison for those crimes. The defendants are presently without knowledge or information regarding the remaining allegations in paragraph 1 and therefore deny same.

2.      The allegations in paragraph 2 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants

---

[1] For convenience and clarity, the defendants adopt the headings and paragraph numbers from the complaint.

admit the plaintiff seeks remedies under the Unjust Imprisonment Act, D.C. Code § 2-421 *et seq.*, but the defendants are presently without knowledge or information regarding the plaintiff's entitlement to remedies and therefore deny same.

      3.    The defendants deny that they fabricated evidence, withheld material exculpatory and impeachment evidence, or used unduly suggestive identification procedures and/or direct suggestion to obtain an alleged wrongful conviction of the plaintiff; and deny that the District of Columbia had a policy or custom that caused or contributed to the acts alleged. The defendants deny the remaining allegations in paragraph 3.

      4.    The allegations in paragraph 4 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny that the plaintiff did not meet with and confess to defendant Smith.

      5.    The defendants admit that the plaintiff was considered a possible suspect in the Fitzsimmons matter until it was determined that he was incarcerated at the time it occurred. The defendants deny the remaining allegations in paragraph 5 of the complaint.

      6.    The defendants deny that they provided non-public information to defendant Smith, and further answer that his knowledge of non-public information and report of the plaintiff's confession contributed to his reliability as an informant. The defendants deny the remaining allegations in paragraph 6.

      7.    The allegations in paragraph 7 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny the allegations, and further answer that defendant Smith was able to identify the plaintiff because he had met with him.

8. The defendants deny the allegations in paragraph 8 of the complaint.

9. The allegations in paragraph 9 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny the allegations.

10. The defendants admit the allegations in paragraph 10 of the complaint.

11. The defendants admit that the plaintiff asserted his innocence and pursued evidence that could exonerate him. The defendants further answer that the evidence against him was sufficient to establish guilt beyond a reasonable doubt.

12. The defendants admit that the plaintiff pursued and obtained an adjudication of innocence under the Innocence Protection Act, D.C. Code § 22-4131, *et seq.*[2] The defendants are presently without knowledge or information regarding the plaintiff's actual innocence and therefore deny same.

13. The defendants admit that the plaintiff pursued and obtained an adjudication of innocence under the Innocence Protection Act. The defendants are presently without knowledge or information regarding the plaintiff's actual innocence and therefore deny same.

14. The defendants admit that the plaintiff pursued and obtained an adjudication of innocence under the Innocence Protection Act. The defendants are presently without knowledge or information regarding the plaintiff's actual innocence and therefore deny same.

15. The defendants are presently without knowledge or information regarding the allegations in paragraph 15 and therefore deny same.

---

[2] The Innocence Protection Act, D.C. Code § 22-4131, *et seq.* provides for procedures, such as DNA testing. The Unjust Imprisonment Act, D.C. Code § 2-421 *et seq.* provides for damages remedies.

16. The allegations in paragraph 9 of the complaint are conclusions of law and of the pleader requiring no response.

## Jurisdiction

17. The defendants admit the existence of the statutes cited but deny that they necessarily confer jurisdiction on this Court.

18. The defendants are presently without knowledge or information regarding the allegations in paragraph 18 and therefore deny same.

## Parties

19. The defendants are presently without knowledge or information regarding the allegations in paragraph 19 and therefore deny same.

20. The defendants admit the allegations in paragraph 20 of the complaint.

21. The defendants admit that Defendant Taylor was acting within the scope of his employment and in accordance with the policies and customs of the District of Columbia, but deny any inference that those policies or customs were unconstitutional or caused or contributed to cause alleged unconstitutional conduct.

22. The defendants admit that Defendant Brooks was acting within the scope of his employment and in accordance with the policies and customs of the District of Columbia, but deny any inference that those policies or customs were unconstitutional or caused or contributed to cause alleged unconstitutional conduct.

23. The defendants admit that Defendant Harlow was acting within the scope of his employment and in accordance with the policies and customs of the District of Columbia, but deny any inference that those policies or customs were unconstitutional or caused or contributed to cause alleged unconstitutional conduct.

24. The defendants admit that the contacts with Defendant Smith occurred within the District of Columbia. They are presently without knowledge or information regarding the remaining allegations in paragraph 24 and therefore deny same.

25. The allegations in paragraph 25 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants are presently without knowledge or information regarding the remaining allegations in paragraph 25 and therefore deny same.

## Jury Demand

26. The allegations in paragraph 26 of the complaint are conclusions of law and of the pleader requiring no response.

## Facts

### The Investigation and Fabrication of Evidence

27. The defendants admit the allegations in paragraph 27 of the complaint.

28. The defendants deny the allegations in paragraph 28 of the complaint.

29. The defendants admit that they investigated the rape/murder of Catherine Schilling. The defendants deny the remaining allegations in paragraph 29.

30. The defendants admit that the plaintiff was considered a possible suspect in the Fitzsimmons matter until it was determined that he was incarcerated at the time it occurred. The defendants are presently without knowledge or information regarding what the U.S. Park Police did and therefore deny same.

31. The defendants admit the allegations in paragraph 31 of the complaint.

32. The defendants admit that at various times the plaintiff was considered a suspect in the three listed crimes. The defendants deny that the plaintiff had no connection with the rape/murder of Catherine Schilling.

33. The defendants deny the allegations in paragraph 33 of the complaint.

34. The defendants admit the allegations in paragraph 34 of the complaint.

35. The defendants deny the allegations in paragraph 35 of the complaint.

36. The defendants admit that Catherine Schilling's purse was found at the scene. The defendants deny the remaining allegations in paragraph 36 of the complaint.

37. The defendants admit that defendant Smith was a police informant who had convictions. The defendants deny that he provided false information on the Catherine Schilling rape/murder or that they knew that the information he provided was false. The defendants deny the remaining allegations in paragraph 37 of the complaint.

38. The defendants deny the allegations in paragraph 38 of the complaint.

39. The defendants deny the allegations in paragraph 39 of the complaint.

40. The defendants deny the allegations in paragraph 40 of the complaint.

41. The defendants deny the allegations in paragraph 41 of the complaint.

42. The defendants deny the allegations in paragraph 42 of the complaint.

43. The defendants deny the allegations in paragraph 43 of the complaint.

44. The defendants deny the allegations in paragraph 44 of the complaint.

45. The defendants are presently without knowledge or information regarding the allegations in paragraph 45 of the complaint and therefore deny same.

46. The defendants admit that charges were dropped against the plaintiff on the Fitzsimmons matter. The defendants deny the remaining allegations in paragraph 46 of the complaint.

47. The defendants admit that hair samples and other evidence from the Catherine Schilling rape/murder was submitted to the FBI laboratory for independent review and that the examiner found a probable match between the hair found on the victim and the plaintiff's hair. The defendants deny the remaining allegations in paragraph 47 of the complaint.

48. The defendants admit that hair samples and other evidence from the Catherine Schilling rape/murder was submitted to the FBI laboratory for independent review and that the examiner found a probable match between the hair found on the victim and the plaintiff's hair. The defendants deny the remaining allegations in paragraph 48 of the complaint.

49. The defendants admit the allegations in paragraph 49 of the complaint.

50. The defendants admit that an FBI report stated that the hair comparisons did not constitute a "positive personal identification." The remaining allegations in paragraph 50 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny the remaining allegations in paragraph 50 of the complaint.

51. The defendants admit the allegations in paragraph 51 of the complaint.

52. The defendants admit the allegations in paragraph 52 of the complaint.

53. The defendants are presently without knowledge or information regarding the contents of the arrest warrant and therefore deny the allegations in paragraph 53 of the complaint.

54. The defendants deny the allegations in paragraph 54 of the complaint.

55. The defendants admit the allegations in paragraph 55 of the complaint.

### The Prosecution and Suppression of Exculpatory Evidence

56. The defendants admit that they may have given testimony before a grand jury. The defendants deny the remaining allegations in paragraph 56 of the complaint.

57. The defendants admit the allegations in paragraph 57 of the complaint.

58. The defendants are presently without knowledge or information regarding the allegations in paragraph 58 of the complaint and therefore deny same.

59. The defendants are presently without knowledge or information regarding the allegations in paragraph 59 of the complaint and therefore deny same.

60. The defendants admit that they may have given testimony before a grand jury. The defendants deny the remaining allegations in paragraph 60 of the complaint.

61. The defendants admit the allegations in paragraph 61 of the complaint.

62. The defendants admit the allegations in paragraph 62 of the complaint.

63. The defendants admit that hair samples and other evidence from the Catherine Schilling rape/murder was submitted to the FBI laboratory for independent review and that the examiner found a probable match between the hair found on the victim and the plaintiff's hair. The defendants deny the remaining allegations in paragraph 63 of the complaint.

64. The defendants admit that an FBI report stated that the hair comparisons did not constitute a "positive personal identification."

65. The allegations in paragraph 65 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny same.

66. The defendants admit the allegations in paragraph 66 of the complaint.

67. The defendants admit the allegations in paragraph 67 of the complaint.

68. The defendants admit that defendant Smith testified at trial and identified the plaintiff as the perpetrator who confessed to him. The defendants are presently without knowledge or information regarding the remaining allegations in paragraph 68 of the complaint and therefore deny same.

69. The defendants admit that Defendant Smith testified at trial and identified the plaintiff as the perpetrator who confessed to him. The defendants deny the remaining allegations in paragraph 69 of the complaint.

70. The defendants admit that the trial judge admitted evidence of the plaintiff's commission of a similar crime in the same area. The defendants deny the remaining allegations in paragraph 70 of the complaint.

71. The defendants admit that the jury heard testimony from the FBI examiner and a defense expert. The remaining allegations in paragraph 71 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny same.

72. The defendants deny the allegations in paragraph 72 of the complaint.

73. The defendants admit that defendant Smith testified for the government at the trial and was subject to cross-examination. The defendants deny the remaining allegations in paragraph 73 of the complaint.

74. The defendants deny the allegations in paragraph 74 of the complaint.

75. The defendants admit the allegations in paragraph 75 of the complaint.

76. The defendants admit the allegations in paragraph 76 of the complaint.

77. The defendants admit the allegations in paragraph 77 of the complaint.

## The Exoneration

78. The defendants admit that the plaintiff asserted his innocence and pursued evidence that could exonerate him. The defendants further answer that the evidence against him was sufficient to establish probable cause for his arrest and guilt beyond a reasonable doubt.

79. The allegations in paragraph 79 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants admit the procedural history, but deny that the adjudication under the Innocence Protection Act, D.C. Code § 22-4131, *et seq.* establishes any fact at issue regarding the plaintiff's federal claims.

80. The allegations in paragraph 80 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants admit the procedural history, but deny that the adjudication under the Innocence Protection Act establishes any fact at issue regarding the plaintiff's federal claims.

81. The allegations in paragraph 81 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants admit the procedural history, but deny that the adjudication under the Innocence Protection Act establishes any fact at issue regarding the plaintiff's federal claims.

82. The allegations in paragraph 82 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants admit the procedural history, but deny that the adjudication under the Innocence Protection Act establishes any fact at issue regarding the plaintiff's federal claims.

83. The allegations in paragraph 83 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants admit the procedural history, but deny that the adjudication under the Innocence Protection Act establishes any fact at issue regarding the plaintiff's federal claims.

84. The allegations in paragraph 84 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants admit the procedural history, but deny that the adjudication under the Innocence Protection Act establishes any fact at issue regarding the plaintiff's federal claims.

85. The allegations in paragraph 85 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants admit the procedural history, but deny that the adjudication under the

Innocence Protection Act establishes any fact at issue regarding the plaintiff's federal claims.

### Further Evidence of Mr. Gates' Innocence

86. The defendants admit that the FBI laboratory examiner testified at trial. The defendants are presently without knowledge or information regarding the remaining allegations in paragraph 86 of the complaint and therefore deny same.

87. The defendants admit that the FBI laboratory examiner testified at trial. The defendants are presently without knowledge or information regarding the remaining allegations in paragraph 87 of the complaint and therefore deny same.

88. The defendants admit that the FBI laboratory examiner testified at trial. The defendants are presently without knowledge or information regarding the remaining allegations in paragraph 88 of the complaint and therefore deny same.

89. The defendants admit that the FBI laboratory examiner testified at trial. The defendants are presently without knowledge or information regarding the remaining allegations in paragraph 89 of the complaint and therefore deny same.

90. The defendants deny the allegations in paragraph 90 of the complaint.

### Mr. Gates is Actually Innocent

91. The allegations in paragraph 91 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny the allegations and further answer that there was probable cause for the plaintiff's arrest, a jury found him guilty beyond a reasonable doubt, and his convictions were affirmed on appeal.

92. The allegations in paragraph 92 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny the allegations and further answer that there was probable cause for the plaintiff's arrest, a jury found him guilty beyond a reasonable doubt, and his convictions were affirmed on appeal.

93. The allegations in paragraph 93 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny the allegations and further answer that there was probable cause for the plaintiff's arrest, a jury found him guilty beyond a reasonable doubt, and his convictions were affirmed on appeal.

94. The allegations in paragraph 94 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny the allegations and further answer that there was probable cause for the plaintiff's arrest, a jury found him guilty beyond a reasonable doubt, and his convictions were affirmed on appeal.

**The Pattern and Practice of Misconduct in the MPD**

95. The defendants deny the allegations in paragraph 95 of the complaint.

96. The defendants deny the allegations in paragraph 96 of the complaint.

97. The defendants deny the allegations in paragraph 97 of the complaint.

98. The defendants deny the allegations in paragraph 98 of the complaint.

99. The defendants deny the allegations in paragraph 99 of the complaint.

100. The defendants deny the allegations in paragraph 100 of the complaint.

101. The defendants deny the allegations in paragraph 101 of the complaint.

102. The defendants deny the allegations in paragraph 102 of the complaint.

103. The defendants deny the allegations in paragraph 103 of the complaint.

104. The defendants deny the allegations in paragraph 104 of the complaint.

### Damages

105. The allegations in paragraph 105 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the defendants deny the allegations.

106. The defendants deny the allegations in paragraph 106 of the complaint.

107. The defendants are presently without knowledge or information regarding the allegations in paragraph 107 of the complaint and therefore deny same.

108. The defendants are presently without knowledge or information regarding the allegations in paragraph 108 of the complaint and therefore deny same.

109. The defendants are presently without knowledge or information regarding the allegations in paragraph 109 of the complaint and therefore deny same.

110. The defendants deny the allegations in paragraph 110 of the complaint.

### Count I

### D.C. Code § 2-421, *et seq*. – Unjust Imprisonment

111. The defendants incorporate prior responses to paragraphs 1 through 110 as if separately set forth.

112. The defendants admit that the plaintiff was convicted and sentenced. They deny the remaining allegations and further answer that there was probable cause for his arrest, a jury found him guilty beyond a reasonable doubt, and his convictions were affirmed on appeal.

113. The defendants admit that pursuant to an adjudication under the Innocence Protection Act, D.C. Code § 22-4131, *et seq.*, the plaintiff may pursue remedies under the Unjust Imprisonment Act, D.C. Code § 2-421 *et seq*. The defendants deny that the plaintiff is necessarily entitled to damages under the facts of this case.

114. The defendants deny the allegations in paragraph 114 of the complaint.

115. The defendants deny the allegations in paragraph 115 of the complaint.

116. The defendants deny the allegations in paragraph 116 of the complaint.

## Count II

### 42 U.S.C. § 1983 – Fifth and Fourteenth Amendment[3] Violations

117. The defendants incorporate prior responses to paragraphs 1 through 116 as if separately set forth.

118. The defendants deny the allegations in paragraph 118 of the complaint.

119. The defendants deny the allegations in paragraph 119 of the complaint.

120. The defendants deny the allegations in paragraph 120 of the complaint.

121. The defendants deny the allegations in paragraph 121 of the complaint.

122. The defendants deny the allegations in paragraph 122 of the complaint.

123. The defendants deny the allegations in paragraph 123 of the complaint.

124. The defendants deny the allegations in paragraph 124 of the complaint.

## Count III

### 42 U.S.C. § 1983 – Failure to Intercede

125. The defendants incorporate prior responses to paragraphs 1 through 125 as if separately set forth.

---

[3] The Fourteenth Amendment is inapplicable to the District of Columbia. *Bolling v. Sharpe*, 347 U.S. 497 (1954).

126. The defendants deny the allegations in paragraph 126 of the complaint.

127. The defendants deny the allegations in paragraph 127 of the complaint.

128. The defendants deny the allegations in paragraph 128 of the complaint.

129. The defendants deny the allegations in paragraph 129 of the complaint.

130. The defendants deny the allegations in paragraph 130 of the complaint.

### Count IV

### 42 U.S.C. § 1983 – Civil Rights Conspiracy

131. The defendants incorporate prior responses to paragraphs 1 through 130 as if separately set forth.

132. The defendants deny the allegations in paragraph 132 of the complaint.

133. The defendants deny the allegations in paragraph 133 of the complaint.

134. The defendants deny the allegations in paragraph 134 of the complaint.

135. The defendants deny the allegations in paragraph 135 of the complaint.

### Count V

### 42 U.S.C. § 1983 – *Monell* Claim

136. The defendants incorporate prior responses to paragraphs 1 through 136 as if separately set forth.

137. The defendants deny the allegations in paragraph 137 of the complaint.

138. The defendants deny the allegations in paragraph 138 of the complaint.

139. The defendants deny the allegations in paragraph 139 of the complaint.

140. The defendants deny the allegations in paragraph 140 of the complaint.

141. The defendants deny the allegations in paragraph 141 of the complaint.

### Third Defense

The plaintiff may have failed to comply fully with the mandatory notice requirements of D.C. Official Code § 12-309 (2001 ed.).

### Fourth Defense

The applicable statute of limitations and/or laches may bar the plaintiff's claims.

### Fifth Defense

The defendants deny all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, deliberate indifference, and that a municipal policy or custom caused or contributed to cause the acts alleged.

### Sixth Defense

If the plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages were not proximately caused by the defendants, but by the acts of third parties and intervening, superseding causes.

### Seventh Defense

If the plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from the plaintiff's own contributory negligence and/or assumption of the risk.

### Eighth Defense

If the plaintiff was injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from the plaintiff's own willful conduct.

### Ninth Defense

The defendants assert immunity, qualified immunity, absence of bad faith, absence of gross negligence.

### Tenth Defense

The John Doe defendants should be dismissed once the involved officers are identified.

### Eleventh Defense

The adjudication under the Innocence Protection Act does not establish any fact at issue regarding the plaintiff's federal claims.

### Twelfth Defense

The Fifth and Fourteenth Amendments of the United States Constitution are inapplicable to the plaintiff's claims.

### Thirteenth Defense

Punitive damages do not lie against the District of Columbia.

### Set-off

The defendants assert a set-off or contribution against any judgment rendered against them for all payments, funds or services provided to or on behalf of the plaintiff by third parties.

### Jury Demand

The Defendants demand a trial by jury with the maximum number of jurors permitted by law.


**DATED:  February 24, 2011**                Respectfully submitted,

                                             IRVIN B. NATHAN
                                             Acting Attorney General
                                             for the District of Columbia

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General
                                             Civil Litigation Division

/s/   Kimberly Matthews Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I

/s/ Wayne C. Beyer
WAYNE C. BEYER [452245]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 Floor South
Washington, D.C. 20001
Direct Line: (202) 442-9891
Facsimile: (202) 730-0637
E-mail: wayne.beyer@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of February 2011, a copy of the foregoing Answer to Complaint was served electronically on:

Jeffrey S. Gutman
2000 G Street, N.W.
Washington, D.C. 20052

and

Peter J. Neufeld
Nick Brustin
Amos Blackman
Neufeld, Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013

*Attorneys for Plaintiff*

/s/ Wayne C. Beyer
WAYNE C. BEYER
Assistant Attorney General