```
                      UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
_____
                              )
DONALD EUGENE GATES,          )
                              )
          Plaintiff,          )
                              )
     v.                       )    Civil Action No. 11-40 (RWR)
                              )
DISTRICT OF COLUMBIA et al.,  )
                              )
          Defendants.         )
_____)
```

MEMORANDUM ORDER

Plaintiff Donald Eugene Gates brings a claim under D.C. Code § 2-421 et seq. for unjust imprisonment (Count 1) and constitutional claims under 42 U.S.C. § 1983 (Counts 2 through 5) against the District of Columbia, retired Metropolitan Police Department ("MPD") detectives Ronald S. Taylor and Norman Brooks, retired MPD lieutenant John Harlow, Gerald M. Smith, and unnamed MPD officers relating to Gates' wrongful conviction in D.C. Superior Court for the rape and murder of Catherine Schilling. The District of Columbia defendants have filed an answer,[1] and Gates has moved to strike under Federal Rule of Civil Procedure 12(f) certain portions of that answer.

"The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion." Naegele v. Albers, 355 F. Supp. 2d 129, 142 (D.D.C. 2005). Under Rule 12(f), a "court

---

[1] Gates served defendant Smith on June 9, 2011, and Smith has failed to file any response. Gates moved for default judgment against defendant Smith on September 14, 2011.

may strike from a pleading an insufficient defense[.]"  Fed. R. Civ. P. 12(f).  However, a motion to strike is a drastic remedy that courts disfavor.  See Naegele, 355 F. Supp. 2d at 142.

The defendants have structured their answer with thirteen headings styled as "defenses."  While some of the sections styled as defenses in the answer plead what the Federal Rules of Civil Procedure would classify as an avoidance or affirmative defense, see Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]"), other sections merely contain admissions and denials.  See Fed. R. Civ. P. 8(b)(1)(B) ("In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party.").  Gates argues that some of the defendants' defenses do not apply to certain counts in his complaint and that others are without legal or factual basis, and he urges that these portions of the answer be stricken before the parties devote unnecessary resources in discovery to them.  (Pl.'s Mem. of P. & A. in Supp. of Pl.'s Mot. to Strike Certain Affirmative Defenses ("Pl.'s Mem.") at 2-3.)

While the defendants' answer fails to identify the particular counts to which the pled defenses apply, see Lee v. Habashy, No. 6:09-cv-671-Orl-28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009) ("To give fair notice of the defense, . . . a party should identify the claim to which the defense applies."),

they concede in their opposition that their third defense does not apply to Counts 2 through 5, and that their fifth, ninth, tenth, eleventh, and twelfth defenses do not apply to Count 1. (Defs.' Opp'n to Pl.'s Mot. to Strike Certain Affirmative Defenses ("Defs.' Opp'n") at 5, 7, 8.)  Gates' motion to strike will be granted as conceded with respect to these defenses as to these counts.  In addition, Gates appears in his reply to have abandoned his motion to strike the fourth defense as to Counts 2 through 5 (Pl.'s Reply in Supp. of Pl.'s Mot. to Strike Certain Affirmative Defenses ("Pl.'s Reply") at 8), and the thirteenth defense as to Count 1 (Pl.'s Reply at 3 n.1).  The motion will be denied with respect to these defenses as to these counts.

Furthermore, the defendants offer no response to Gates' argument to strike the fourth defense as applied to the allegations in Count 1.  The defendants' arguments with regard to that defense relate only to the § 1983 claims.  (Defs.' Opp'n at 4.)  They thereby implicitly concede that argument by their silence, see, e.g., Ardente, Inc. v. Shanley, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010), and Gates' motion to strike the fourth defense as applied to Count 1 will be granted.  Nor have the defendants rebutted the plaintiff's argument that the sixth defense, which denies proximate causation by the defendants, is irrelevant to Count 1.  The only proof of causation required for Gates to sustain his claim in Count 1

- 4 -

under the Unjust Imprisonment Act is proof that he did not cause his own prosecution by his misconduct.  See D.C. Code § 2-422(2) (stating that a person bringing suit under this section must allege and prove that "he did not, by his misconduct, cause or bring about his own prosecution").  Thus, Gates' motion to strike the sixth defense as applied to Count 1 will be granted.

Gates claims that the defendants have cast the sixth defense as an affirmative defense to Counts 2 through 5, and he argues that it asserts insufficient facts to survive as pled.  Gates' premise that the sixth defense is cast as an affirmative defense is faulty.  In Counts 2 through 5, Gates asserts section 1983 claims with respect to which he bears the burden to prove that defendants proximately caused a violation of his constitutional rights.  West v. Atkins, 487 U.S. 42, 48 (1988).  Defendants argue that "[t]he role played by the testimony of the police informant, Gerald M. Smith, a Defendant herein, may break the chain of causation of acts attributable to the District Defendants.  The independent decisions of the U.S. Attorney's Office, a grand jury, a jury in the criminal case, and the D.C. Court of Appeals may likewise break the chain of causation of acts attributable to the District Defendants."  (Defs.' Opp'n at 5.)  "[I]n cases brought under § 1983 a superseding cause, as traditionally understood in common law tort doctrine, will relieve a defendant of liability."  Warner v. Orange County Dept.

of Probation, 115 F.3d 1068, 1071 (2d Cir. 1997).  The assertion that the actions of other individuals and entities may have broken the chain of causation is not an affirmative defense, on which the defendants bear the burden of proof, but rather a denial of Gates' allegation that the defendants proximately caused his injuries.[2]  The burden of proof remains on Gates to prove causation.  Gates' motion to strike the sixth defense as applied to Counts 2 through 5 will be denied and the defense will be construed as a denial.

The parties do not agree on the sufficiency of the defendants' third defense as applied to Count 1.  The third defense asserts that "plaintiff may have failed to comply fully with the mandatory notice requirements of D.C. Official Code § 12-309 (2001 ed.)."  (Defs.' Answer at 17.)  Gates argues that the defendants failed to challenge the notice and that the third defense is "legally insufficient."  (Pl.'s Reply at 3 n.2.)  Rule 8(b)(5) permits a defendant who "lacks knowledge or information sufficient to form a belief about the truth of an allegation" to say so in an answer. Fed. R. Civ. P. 8(b)(5).  The defendants have done so (Answer, Second Defense ¶ 18) in addition to asserting the language in the third defense.  According these

---

[2] The parties appear to agree on that conclusion. (See Pl.'s Mem. at 15 ("The sixth affirmative defense . . . is not in reality an affirmative defense at all: it merely denies the element of causation."); Defs.' Opp'n at 5 (describing the sixth defense as "not technically a required affirmative defense").)

- 6 -

assertions the presumption of good faith bases to which they are entitled at this stage, see Fed. R. Civ. P. 11(b), and absent binding authority presented by Gates precluding such defenses here, there is no reason to deem the third defense as it applies to Count 1 legally insufficient.

The court, moreover, has an independent obligation to satisfy itself that Gates has complied with the notice requirement. Section 12-309 "requires that the District receive written notice within six months of the injury giving rise to the claim." DeKine v. District of Columbia, 422 A.2d 981, 985 (D.C. 1980). District of Columbia case law "has firmly established that, because it is in derogation of the common law principle of sovereign immunity, section 12-309 is to be construed narrowly against claimants." District of Columbia v. Dunmore, 662 A.2d 1356, 1359 (D.C. 1995). "[U]nless timely notice is given, no right of action or entitlement to maintain an action accrues." Gwinn v. District of Columbia, 434 A.2d 1376, 1378 (D.C. 1981) (internal quotation marks omitted). The record at present establishes only that Gates mailed his notice letter on May 14, 2010 and received an acknowledgment from the District dated June 7, 2010. (Pl.'s Mem. at 5.) It does not resolve the boundaries of the six-month statutory period for notice or establish that the District received the notice letter within that period.

- 7 -

Gates' motion to strike therefore will be denied with respect to the third defense as to Count 1.

The parties also disagree on the applicability of the seventh defense (contributory negligence and/or assumption of risk) and eighth defense (wilful conduct) as to all counts.  With regard to Count 1, as is discussed above, Gates must prove the absence of his own culpability in causing his injury.  The defenses, and the defendants' arguments in their opposition, that Gates' contributory negligence and wilful conduct brought about his conviction amount to a denial that Gates can meet his burden. The seventh and eighth defenses thus are not properly characterized as affirmative defenses.  Gates' motion to strike the seventh and eighth defenses will be denied as to Count 1 and those defenses will be construed as denials.

As applied to Counts 2 through 5, the seventh defense is legally insufficient.  To prevail on these § 1983 claims, Gates must prove some intentional or reckless conduct. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (holding that due process clause not implicated by merely negligent conduct); City of Canton v. Harris, 489 U.S. 378, 388-89 (1989) (holding that liability for failure to train requires proof of deliberate indifference).  The defense of contributory negligence and/or assumption of risk is insufficient because contributory negligence is a defense only to negligent, not to reckless or

- 8 -

intentional, conduct.  See Santiago v. Lane, 894 F.2d 218, 224 (7th Cir. 1990) (rejecting contributory negligence defense to a section 1983 suit alleging deliberate indifference because "it is well settled that contributory negligence is not a defense to an allegation of intentional or reckless conduct.").  Gates' motion to strike the seventh defense therefore will be granted as to Counts 2 through 5.

Finally, the eighth defense (wilful conduct) as to Counts 2 through 5 does not function in this action as an affirmative defense, for the same reasons as are discussed above with regard to the sixth defense as to Counts 2 through 5.  The assertion that Gates' injuries resulted from his own wilful conduct is not an affirmative defense, on which the defendants bear the burden of proof, but rather a denial of Gates' allegation that the defendants proximately caused his injuries.  Bodine v. Warwick, 72 F.3d 393, 400 (3rd Cir. 1995) (recognizing that a plaintiff's own conduct could "constitute a superseding cause that would limit the officer's liability" in a § 1983 action) (internal quotation marks and citations omitted).  Gates' motion to strike the eighth defense will be denied as to Counts 2 through 5 and the defense will be construed as a denial.[3]

---

[3] Because the motion to strike is resolved on other grounds, Gates' argument that heightened pleading standards should apply to affirmative defenses will not be addressed. (Pl.'s Mem. 9-14.)

- 9 -

Accordingly, it is hereby

ORDERED that the plaintiff's motion to strike be, and hereby is, GRANTED as to the defendants' fourth, fifth, sixth, ninth, tenth, eleventh and twelfth defenses as to Count 1, and GRANTED as to the defendants' third and seventh defenses as to Counts 2 through 5. It is further

ORDERED that the plaintiff's motion to strike be, and hereby is, DENIED as to the defendants' sixth defense as to Counts 2 through 5, DENIED as to the defendants' seventh defense as to Count 1, and DENIED as to the eighth defense as to all counts. It is further

ORDERED that the plaintiff's motion to strike be, and hereby is, DENIED as to the defendants' third and thirteenth defenses as to Count 1, and DENIED as to the defendants' fourth defense as to Counts 2 through 5.

SIGNED this 18th day of November, 2011.

                                                                          /s/               
                                        RICHARD W. ROBERTS
                                        United States District Judge