UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
DONALD EUGENE GATES,                      )
                                          )
              Plaintiff,                  )        Civil Action No. 11-0040 (RWR- AK)
                                          )
       v.                                 )
                                          )
DISTRICT OF COLUMBIA, *et al.*            )
                                          )
              Defendants.                 )
_____)

**MOTION OF UNITED STATES OF AMERICA
TO INTERVENE AS DEFENDANT**

       The United States of America, on behalf of the United States Attorney's Office for the

District of Columbia, Department of Justice, by its undersigned attorneys and pursuant to the

Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, Rule 24(b)(2), hereby moves for

leave to intervene as a Defendant in the above-captioned civil action.

       In support of this motion, the Court is respectfully referred to the memorandum of points

and authorities.  A proposed Order is also submitted herewith.

       In accordance with the Federal Rule of Civil Procedure 24(a)(2), counsel for the United

States has consulted counsel for Plaintiff and counsel for Defendant to determine if their clients

will consent to the relief sought by this motion.  Counsel for the Defendant indicated that their

client consents to this motion.  Counsel for the Plaintiff indicated that their client does not

consent to this motion.

December 9, 2011                    Respectfully submitted,


                                   RONALD C. MACHEN JR., D.C. BAR #447889
                                   United States Attorney

                                   RUDOLPH CONTRERAS, D.C. BAR # 434122
                                   Chief, Civil Division


                                   _____/s/_____
                                   ANDREA McBARNETTE, D.C. Bar # 483789
                                   Assistant United States Attorney
                                   United States Attorney's Office
                                   555 4th Street, N.W.
                                   Washington, D.C. 20530
                                   (202) 514-7153
                                   Andrea.McBarnette@usdoj.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ ) | | |
| DONALD EUGENE GATES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-0040 (RWR- AK) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

### MEMORANDUM OF LAW
### IN SUPPORT OF UNITED STATES OF
### AMERICA'S MOTION TO INTERVENE AS DEFENDANT

The United States of America, on behalf of the United States Attorney's Office for the District of Columbia, Department of Justice, hereby respectfully submits the following memorandum of points and authorities in support of its motion to intervene as a defendant in the above-captioned civil action. The United States requests to intervene for the limited purpose of seeking the protection of the investigative files of an ongoing homicide investigation from release. The investigative files in question are the files of the District of Columbia's Metropolitan Police. While the Metropolitan Police may investigate a homicide, it is the U.S. Attorney's Office that prosecutes the perpetrators of the crime. The release of an investigative file during an ongoing investigation may not only jeopardize the investigation itself but jeopardize any attempt by the U.S. Attorney's Office to bring the perpetrators of the crime to justice.

**BACKGROUND**

Plaintiff Donald Eugene Gates filed claims under D.C. Code § 2-421 et seq. for unjust
imprisonment and constitutional claims under 42 U.S.C. § 1983 against the District of Columbia
and various Metropolitan Police officers.  Complt., ¶¶ 1-15.  Plaintiff's claims stem from his
overturned conviction in D.C. Superior Court for the June 1981 rape and murder of Catherine
Schilling.  Id.  The Plaintiff filed suit in the Superior Court for the District of Columbia on or
about December 10, 2010.[1]  Id. at Caption.  The District of Columbia removed the case to the
District Court on January 4, 2011.  Dkt. #1.

During the present discovery process, the District of Columbia has "withheld all
documents recreated during the re-opened, and presently ongoing homicide investigation [of
Catherine Schilling] as protected from disclosure by the law enforcement privilege."  Defendant
District of Columbia's Opposition to Plaintiff's Motion to Compel (D.C. Opp. at 2).  On
November 9, 2011, the Plaintiff filed a motion to compel for the production of "any and all
documents relating to the re-investigation of the June 1981 rape and murder of Catherine
Schilling."  Plt Mt. to Compel at 1.

**ARGUMENT**

The United States seeks leave to intervene in this action on two grounds.  The United
States is entitled to intervene as of right under the Federal Rule of Civil Procedure 24(a).  In the
alternative, the United States seeks permissive intervention under Rule 24(b).

---

[1]      The Plaintiff previously asserted claims against the United States stemming from
the overturning of his conviction.  These claims have been settled.

## I.      Intervention of Right

Under the Federal Rule of Civil Procedure 24(a), intervention as a matter of right should be granted when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).

The D.C. Circuit has held that qualification for intervention as of right depends on the following four factors:

> (1) the timeliness of the motion;
> (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action;
> (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and
> (4) whether the applicant's interest is adequately represented by existing parties.

Fund For Animals, Inc. v. Norton, 322 F.3d 728, 732 (D.C. Cir. 2003) (citations omitted); see also Karsner v. Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008).  In addition to the above factors under Fed. R. Civ. P. 24(a)(2), the Circuit has held that "a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution."  Fund For Animals, Inc. 322 F.3d at 732; see Military Toxics Project v. EPA, 146 F.3d 948 (D.C. Cir. 1998).

A)      Standing

To establish standing under Article III, a prospective intervener must show:  (1) injury-in-fact, (2) causation, and (3) redressability.  Fund For Animals, Inc. 322 F.3d at 732-733; see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  The United States has standing to participate in this action as it satisfies the injury-in-fact, causation, and redressability showings.  The Plaintiff

seeks documents pertaining to the ongoing investigation of the murder of Catherine Schilling. Yet, the United States has a valid concern that the release of the requested information could jeopardize the investigation into the crime. "Based on my more than 20 years of law enforcement experience, I believe that the disclosure of certain information obtained during the course of and as part of this investigation would compromise the Metropolitan Police Department's ability to continue to investigate this open matter by impeding the MPD's ability to obtain information or cooperation from individuals which would interfere with this agency's ability to bring this investigation to successful conclusion. D.C. Opp., Declaration of Peter J. Newsham, ¶ 6. Jeopardizing the ongoing murder investigation as a consequently jeopardizes any attempts of the U.S. Attorney's Office to prosecute the perpetrators of the murder of Catherine Schilling. A decision against the release of the investigative file will prevent such an injury.

B) <u>Prerequisites under Rule 24(a)(2)</u>

1. *Motion to intervene is timely*

The United States's motion is timely. Timeliness is measured from when the prospective intervenor "knew or should have known that any of its rights would be directly affected by the litigation." <u>Roeder v. Islamic Republic of Iran</u>, 333 F3d. 228, 233 (D.C. Cir. 2003) (motion to intervene by government was timely after default judgment and before trial on damages when motion was made less than 30 days after officials became aware of that litigation would affect U.S. interests) quoting <u>Nat'l Wildlife Fed'n v. Burford</u>, 878 F.2d 422, 433-34 (D.C. Cir.1989), rev'd on other grounds sub nom; <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871 (1990). Whether a motion to intervene is timely is to be evaluated based on all the circumstances present in the case, including "the time elapsed since the inception of the suit, the purpose for which intervention is sought, the

4

need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." Smoke v. Norton, 252 F.3d 468, 471 (D.C. Cir. 2001) (quoting United States v. AT & T, 642 F.2d 1285, 1295 (D.C. Cir.1980)). Timeliness "is to be determined by the court in the exercise of its sound discretion[.]" Associated Builders and Contractors, Inc. v. Herman, 166 F.3d 1248, 1257 (D.C. Cir. 1999) (quoting NAACP v. New York, 413 U.S. 345, 366 (1973) ([t]imeliness is to be determined from all the circumstances").

Here, the motion to intervene is timely because the Plaintiff only filed the motion to compel 30 days ago, on November 9, 2011. See Roeder, 333 F3d. at 233 (finding prejudgment motion to intervene by government was timely when motion was made within 30 days after officials became aware of that litigation would affect U.S. interests); Nat'l Wildlife Fed'n, 878 F.2d at 434 (pre-judgment motion to intervene filed 73 days after applicant became aware of unprotected right was timely as to that claim). On November 9, 2011, the Plaintiff filed a motion to compel for the production of records concerning the investigation of the murder of Catherine Schilling. Because the production of such records could impede the ongoing investigation of her murder, the United States now seeks to intervene in the litigation for the limited purpose of protecting the investigative records from disclosure. Because the United States filed a motion to intervene only about 30 days from the filing of the motion to compel which endangers the United States's interest, its motion is timely.

       2.    *United States has sufficient interest*

For the second factor, "standing alone is sufficient to establish that the [intervenor] has "'an interest relating to the property or transaction which is the subject of the action [.]' " Fund For Animals, Inc. 322 F.3d at 735 quoting Fed. R. Civ. P. 24(a)(2); Atlantic Sea Island Group LLC v.

Connaughton, 592 F. Supp. 2d 1, 6 (D.D.C. 2008). Here, as argued above, the United States has standing. Moreover, there is no question that the United States has an interest in the protecting from release the homicide investigation documents as the release of those documents could jeopardize the ongoing investigation into the murder of Catherine Schilling and could jeopardize the U.S. Attorney's attempts to bring the perpetrators to justice.

3.     *Litigation outcome may impede the United States's ability to protect its interests*

The United States is "so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect [its] interest." Fed. R. Civ. P. 24(a)(2). If the Plaintiff's motion is granted, the United States will be unable to protect its interest in the successful investigation of the murder and prosecution of the perpetrator of the murder. Once the investigation documents are released, the potential injury could be irreparable. See Fund For Animals, Inc. 322 F.3d at 735 (finding movant satisfied the third factor where its injury would be substantial and irreparable).

4.     *United States's interest may not be adequately represented*

The United States's interests may not be "adequately represented by existing parties." Fed. R. Civ. P. 24. The Supreme Court has held that this "requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972). "*Trbovich* makes clear that the standard for measuring inadequacy of representation is low." Fund For Animals, Inc., 322 F.3d at 324.

Here, the present Defendant is the District of Columbia. The United States represents the interests of the entire country, while the District of Columbia represents only the interests of the

District of Columbia.  Cf. Atlantic Sea Island Group LLC v. Connaughton, 592 F. Supp. 2d 1, 6 (D.D.C. 2008) (finding that the federal defendant could not adequately represent the interests of New Jersey as "it is not clear that the federal defendants' interests will always align with the narrower interests of New Jersey").  Because the District of Columbia's narrower interests may not always align with the broader  interests of the United States, the United States' interests may not be adequately represented by the District of Columbia.  Accordingly, the United States has met its minimal burden of showing the inadequacy of current representation of its interests.

## II.     Permissive Intervention

In the alternative to intervention of right, the United States moves the Court for permissive intervention under Rule 24(b).  Under Rule 24(b), permissive intervention is an "inherently discretionary enterprise" and the Court has "wide latitude" in considering whether intervention is appropriate.  E.E.O.C. v. National Children's Center, Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998). A prospective intervenor must demonstrate:  (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action.  Id.  If a prospective intervenor satisfies these criteria, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

### 1)     An independent ground for subject matter jurisdiction

The first requirement for permissive intervention is an independent basis for jurisdiction. E.E.O.C., 146 F.3d at 1046.  The United States does have subject matter jurisdiction.  See 28 U.S.C. § 1345 ("the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States[.]").  Moreover, an independent jurisdictional basis is not necessary

as the United States seeks to intervene only for the limited purpose of protecting an investigative file

from disclosure, and does not ask the Court to rule on the merits of a claim or defense. Cf. E.E.

O.C., 146 F.3d at 1047 ("An independent jurisdictional basis is simply unnecessary when the movant

seeks to intervene only for the limited purpose of obtaining access to documents covered by seal or

by a protective order, because the third party does not ask the court to rule on the merits of a claim

or defense."). Therefore, the Court should find that the United States meets the first requirement for

permissive intervention.

> 2)      A timely motion

Intervention, both as a matter of right and permissive, requires that the application be timely.

Fed. R. Civ. P. 24(a), (b).  As shown above, the United States has filed a timely motion to intervene.

The motion to intervene is timely because the United States became aware of the risk to its interests

roughly 30 days ago when the Plaintiff filed the motion to compel on November 9, 2011.  See

Roeder, 333 F3d. at 233 (finding prejudgment motion to intervene by government was timely when

motion was made within 30 days after officials became aware of that litigation would affect U.S.

interests); Nat'l Wildlife Fed'n, 878 F.2d at 434 (pre-judgment motion to intervene filed 73 days after

applicant became aware of unprotected right was timely as to that claim).  Therefore, the United

States's motion to intervene is timely.

> 3)      A question of law or fact in common with the main action

The third requirement for permissive intervention under Rule 24(b)(2) is a claim or defense

that shares a common question of law or fact with the main action.  E.E.O.C., 146 F.3d at 1046.

Here, the commonality requirement is satisfied because the United States seeks to intervene in the

present discovery dispute between the Plaintiff and the Defendants and the dispute is an issue that

8

the Plaintiff raised with the Court in its motion to compel.  As the Plaintiff is seeking the investigative file of a homicide investigation and the United States is seeking to prevent the disclosure of this homicide investigative file, there are questions of law and fact in common with the case.

4)      *No undue delay or prejudice*

Because the United States satisfies the first three criteria, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  See Fed. R. Civ. P. 24(b)(3).  Here, the Plaintiff only just recently filed a motion to compel.  The Plaintiff has not yet replied to the opposition filed by the District of Columbia nor has the Court ruled on the discovery dispute.  See Dkt.  Allowing the United States an opportunity to file a motion in opposition to Plaintiff's motion to compel will not unduly the delay or prejudice the Plaintiff or the Defendants.

**CONCLUSION**

For the foregoing reasons, the Court should grant the United States's motion to intervene as a defendant in this civil action.

Dated:  December 9, 2011                          Respectfully submitted,

                                                  RONALD C. MACHEN JR., D.C. BAR #447889
                                                  United States Attorney

                                                  RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                  Chief, Civil Division

                                                   /s/
                                                  _____
                                                  ANDREA McBARNETTE, D.C. Bar  # 483789
                                                  Assistant United States Attorney
                                                  555 Fourth Street,  N.W.
                                                  Washington, D.C. 20530
                                                  (202) 514-7153
                                                  Andrea.McBarnette@usdoj.gov

9